UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ELEVEN MILLION NINE HUNDRED TWENTY-TWO THOUSAND THREE HUNDRED (11,922,300) ASSORTED BRANDS OF CIGARETTES, *et al.*,<br><br>    Defendants. | NO. CV-03-256-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS** |

Before the Court are Plaintiff's Motion to Dismiss Claim of Blacksheep Distributing (Ct. Rec. 67) and Motion to Dismiss Claim of L.A. Nelson, Inc. d/b/a Burke's Distributing (Ct. Rec. 70). A hearing was held on the motions on March 22, 2006. Plaintiff was represented by Jane Kirk. Claimant Blacksheep Distributing was represented by Carl Oreskovich; Claimant Burke's Distributing was represented by David Grosbeck.

### PROCEDURAL BACKGROUND

On July 18, 2003, the United States filed a complaint for forfeiture of 11,922,3300 cigarettes that were previously seized as contraband. Plaintiff also filed a related complaint for forfeiture of a cash and a bank account. The two cases were consolidated in the above-captioned case. Claimants Blacksheep Distributing and Burke's Distributing filed Notices of Claim to Seized Property. Plaintiff now moves to dismiss the claims of Burke's Distributing and Blacksheep Distributing,

**ORDER DIRECTING PARTIES TO CONFER; SETTING TELEPHONIC STATUS CONFERENCE** ~ 1

asserting that the claimants are merely unsecured creditors, and as such, they lack standing to bring a claim against the seized property.

## DISCUSSION

**A.  Standard of Review**

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss for lack of standing, the court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1080 (9th Cir. 1987).

**B.  Standing**

In order to have standing to contest a civil forfeiture under Article III, a claimant must have a sufficient interest in the property to create a case or controversy. *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004); *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir.2003). The standard is not a rigorous one: "the claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, and financial stake." *5208 Los Franciscos Way,* 385 F.3d at 1191.

**C.  Forfeiture Statute**

Claimants assert that they have a claim against the forfeiture cigarettes and money under the innocent owner defense.[1] In order to assert the innocent owner

---

[1] 18 U.S.C. § 983(d)(1) provides for an innocent owner defense. Specifically, the statute states:

> An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

18 U.S.C. § 983(d)(6) sets out the definition of "owner":

**ORDER DIRECTING PARTIES TO CONFER; SETTING TELEPHONIC STATUS CONFERENCE ~ 2**

defense, claimants must have a colorable interest in the property sought to be forfeited. At the hearing, Plaintiff conceded that claimants have a colorable interest in the cigarettes as an unpaid cash-seller. Plaintiff challenged the claimants' assertions that they had a colorable interest in the seized cash and bank account. At this point in the proceedings, the Court accepts the claimaints' claims that they have a colorable interest in the money as true. Because questions of fact exist regarding this issue, it would be better handled on a motion for summary judgment after discovery has been completed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Dismiss Claim of Blacksheep Distributing (Ct. Rec. 67) is **DENIED**.

2. Plaintiff's Motion to Dismiss Claim of L.A. Nelson, Inc. d/b/a Burke's Distributing (Ct. Rec. 70) is **DENIED**.

///
///
///
///
///
///

---

In this subsection, the term "owner"–

   (A) means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and

   (B) does not include--

   (i) a person with only a general unsecured interest in, or claim against, the property or estate of another.

**ORDER DIRECTING PARTIES TO CONFER; SETTING TELEPHONIC STATUS CONFERENCE** ~ 3

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel.

**DATED** this 30th day of March, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2003\11,922,300 cigarettes, CS-03-256\deny.wpd

**ORDER DIRECTING PARTIES TO CONFER; SETTING TELEPHONIC STATUS CONFERENCE ~ 4**