UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELEVEN MILLION NINE HUNDRED TWENTY-TWO THOUSAND THREE HUNDRED (11,922,300) ASSORTED BRANDS OF CIGARETTES, $399,765.30 U.S. CURRENCY FROM STERLING SAVINGS ACCOUNT #XXXXXXXX0500; and $500,856.00 U.S. CURRENCY,<br><br>Defendants. | CV-03-0256-FVS<br><br>Final Order of Forfeiture |

Plaintiff, United States of America, alleged in two separate Verified Complaints for Forfeiture In Rem, (United States v. 11,922,300 Assorted Brands of Cigarettes, CS-03-0256-JLQ; and United States v. $399,765.00, et al., CS-03-0385-AAM)that the Defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 and 18 U.S.C. § 2344(c).

On August 5, 2003, Case No. CS-03-0256-JLQ was reassigned to Judge Robert H. Whaley.

On April 12, 2004, Case No. CS-03-385-AAM was consolidated with Case No. CS-03-256-RHW.

In 2005, the case numbers changed from "CS" for "Civil Spokane" to "CV" for "Civil".

On November 28, 2006, Case No. CV-03-0256-RHW, was reassigned to Judge Fred Van Sickle.

Final Order of Forfeiture -1-

The Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is proper pursuant to 28 U.S.C. § 1395.

The defendant property being forfeited is described as follows:

1. Eleven million nine hundred twenty-two thousand three hundred (11,922,300) assorted brands of cigarettes (now gross interlocutory sale proceeds in the sum of $384,240.21);

2. All United States currency funds or other monetary instruments credited to Sterling Savings account number XXXXXXX0500, in the amount of $399,765.30, in the name of Louie Mahoney d/b/a JKL Enterprises; and,

3. $500,856.00 in United States currency.

## RESOLUTION OF CLAIMS

1) On July 24, 2003, JKL/Louie Mahoney and Attorney Richard S. Christensen were served via certified mail with copies of the Verified Complaint for Forfeiture In Rem, and Notice of Complaint for Forfeiture, in CV-03-0256-FVS, as evidenced by the Certificate of Service of Notice by Mail filed with the Court on July 24, 2003. On August 7, 2003, Richard Smith appeared on behalf of Louie Mahoney in this matter. On August 7, 2003, Louie Mahoney filed an unverified claim. On August 26, 2003, Louie Mahoney filed an answer.

On January 29, 2004, JKL/Louie Mahoney and Attorney Richard S. Christensen were served via certified mail with copies of the Verified Complaint for Forfeiture In Rem, and Notice of Complaint for Forfeiture, in CS-03-0385-AAM, as evidenced by the Certificate of Service of Notice by Mail filed with the Court on March 9, 2004. On February 25, 2004, Richard Smith appeared on

Final Order of Forfeiture -2-

behalf of Louie Mahoney in this matter.  On February 25, 2004, Louie Mahoney filed an unverified claim.

On or about April 19, 2007,the United States and Louie Mahoney, entered into a plea agreement in the related criminal matter <u>United States v. Louie Mahoney, et al.</u>, Eastern District of Washington criminal case number, CR-05-2099-RHW-1, wherein Louie Mahoney agreed to the forfeiture of the Defendant property and acknowledged that the Defendant property is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and/or is substitute assets for property otherwise subject to forfeiture.  In addition, Louie Mahoney agreed to waive all constitutional and statutory challenges to any forfeiture carried out in accordance with said plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment, and also to execute any and all forms and pleadings necessary to effectuate the forfeiture.

On July 27, 2010, Louie Mahoney of JKL Enterprises signed Claimant's Stipulation to Withdraw Claim, filed herein on July 27, 2010, thereby withdrawing his claim to the Defendant property.

Therefore, any claims to the Defendant property made by Louie Mahoney/JKL Enterprises have been resolved by the stipulation filed herein, and the plea agreement entered in the related criminal case, and he/it has no interest in the Defendant property.

2) On or about August 31,2006, the United States and Kathleen Mahoney, entered into a plea agreement in the related criminal

Final Order of Forfeiture -3-

matter <u>United States v. Kathleen Mahoney, et al.</u>, Eastern District of Washington criminal case number, CR-05-2099-RHW-2, wherein Kathleen Mahoney agreed to the forfeiture of the Defendant property and acknowledged that the Defendant property is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and/or is substitute assets for property otherwise subject to forfeiture.  In addition, Kathleen Mahoney agreed to waive all constitutional and statutory challenges to any forfeiture carried out in accordance with said plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment, and also to execute any and all forms and pleadings necessary to effectuate the forfeiture.

   Kathleen Mahoney did not file claims to the Defendant property, however, any interest she may have had in the Defendant property as the wife of Louie Mahoney has been resolved by the entry of the plea agreement entered in the related criminal case, and she has no interest in the Defendant property.

3)   On September 8, 2003, L.A. Nelson, Inc., d/b/a Burke's Distributing(hereafter "Burke's"), filed an answer in CS-03-0256-RHW.  On December 16, 2003, Burke's filed an unverified claim to the Defendant property.

   On February 4, 2004, Burke's filed an unverified claim to the Defendant property in CS-03-0385-AAM.

   On or about July 10, 2009,the United States and Brandon E. Donahue, entered into a plea agreement criminal matter <u>United States v. Brandon E. Donahue, et al.</u>, Eastern District of

Final Order of Forfeiture -4-

Washington criminal case number, CR-07-0094-LRS-4, wherein Brandon E. Donahue agreed to withdraw his claim submitted by L.A. Nelson d/b/a Burke's Distributing, Inc., in this civil forfeiture action, and also to execute any and all forms and pleadings necessary to effectuate the completion of the civil forfeiture action, and to the forfeiture of the Defendant property.  In addition, Brandon Donahue agreed to waive all constitutional and statutory challenges to any forfeiture carried out in accordance with said plea agreement on any grounds.

On October 5, 2009, Brandon E. Donahue, and Douglas Burke d/b/a Burke's signed Claimant's Stipulation to Withdraw Claim, filed herein on October 15, 2009, thereby withdrawing their and Burke's claims to the Defendant property.

Therefore, any claims to the Defendant property made by Brandon E. Donahue, Douglas Burke, and Burke's have been resolved by the stipulation filed herein, and the plea agreement entered in Brandon Donahue's criminal case, and they have no interest in the Defendant property.

4)   On September 8, 2003, Blacksheep Distributing, Inc.(hereafter "Blacksheep"), filed an answer in CS-03-0256-RHW. On December 16, 2003, Blacksheep filed an unverified claim to the Defendant property.

On February 4, 2004, Blacksheep filed an unverified claim to the Defendant property in CS-03-0385-AAM.  On February 20, 2004, 2004, Blacksheep filed an answer.

On or about July 10, 2009,the United States and Brandon E. Donahue, entered into a plea agreement in criminal matter <u>United States v. Brian T. Donahue, et al.</u>, Eastern District of

Final Order of Forfeiture -5-

Washington criminal case number, CR-07-0094-LRS-5, wherein Brian T. Donahue agreed to withdraw his claim submitted by Blacksheep Distributing, Inc., in this civil forfeiture action, and also to execute any and all forms and pleadings necessary to effectuate the completion of the civil forfeiture action, and to the forfeiture of the Defendant property.  In addition, Brian Donahue agreed to waive all constitutional and statutory challenges to any forfeiture carried out in accordance with said plea agreement on any grounds.

On October 14, 2009, Brian T. Donahue d/b/a Blacksheep, signed Claimant's Stipulation to Withdraw Claim, filed herein on October 15, 2009, thereby withdrawing his/its claim to the Defendant property.

Therefore, any claims to the Defendant property made by Brian T. Donahue, and Blacksheep have been resolved by the stipulation filed herein, and the plea agreement entered in Brian Donahue's criminal case, and he/it has no interest in the Defendant property.

5)   The Notice of Complaint (CV-03-0256-FVS) was published on September 24, October 1 and 8, 2003, in the Gazette Record, a newspaper of general circulation in Benewah County, Idaho, as evidenced by the TDF-90 form filed with the Court on December 30, 2003. The Notice of Complaint (CV-03-0385-AAM) was published on February 18 and 26, and March 3, 2004, in the Gazette Record, a newspaper of general circulation in Benewah County, Idaho, as evidenced by the TDF-90 form filed with the Court on March 22, 2004.  Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P., and 18 U.S.C. § 983(a)(4)(A),

Final Order of Forfeiture -6-

require that claimants file a claim within thirty (30) days after final date of publication of the Notice of Complaint for Forfeiture, or within thirty (30) days after service of the complaint, whichever occurs first.  At the latest this 30-day period expired on April 2, 2004.  No other claims to the Defendant property have been filed.

6)   It appearing to the Court that JKL/Louie Mahoney's interest in the Defendant property has been resolved through the entry of his plea agreement in the related criminal matter, and the stipulation to withdraw claim filed herein;

7)   It appearing to the Court that any interest that Kathleen Mahoney may have had in the Defendant property has been resolved through the entry of her plea agreement in the related criminal matter, and she did not file claims in the civil forfeiture matter(s);

8)   It appearing to the Court that Burke's/Brandon Donahue's, interest in the Defendant property has been resolved through the entry of his plea agreement in the criminal matter, and the stipulation to withdraw claim filed herein;

9)   It appearing to the Court that Burke's/Douglas Burke's, interest in the Defendant property has been resolved through the stipulation to withdraw claim in filed herein;

10)  It appearing to the Court that Blacksheep/Brian T. Donahue's interest in the Defendant property has been resolved through the entry of his plea agreement in the criminal matter, and the stipulation to withdraw claim;

11)  It further appearing to the Court that no other claims have been made to the defendant property;

Final Order of Forfeiture -7-

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the:

1. Eleven million nine hundred twenty-two thousand three hundred (11,922,300) assorted brands of cigarettes (now gross interlocutory sale proceeds in the sum of $384,240.21);

2. All United States currency funds or other monetary instruments credited to Sterling Savings account number XXXXXXX0500, in the amount of $399,765.30, in the name of Louie Mahoney d/b/a JKL Enterprises; and,

3. $500,856.00 in United States currency;

are hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person.

IT IS FURTHER ORDERED that the United States shall dispose of the forfeited Defendant property described herein in accordance with law.

DATED this __6th__ day of August, 2010.


                S/Fred Van Sickle
                Fred Van Sickle
       Senior United States District Judge

Final Order of Forfeiture -8-